IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11CV147-03-MU
(1:09CR17)

| | |
|---|---|
| ALBERT C. BURGESS, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| HARLEY LAPPIN, Director, Federal ) | |
| Bureau of Prisons, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's "Petition for a Writ of Habeas Corpus Ad Subjuciendum" pursuant to 28 U.S.C. § 1651 filed on May 31, 2011. (Doc. No. 1). Petitioner contends that he filed the instant motion pursuant to 28 U.S.C. § 1651 because "there is no other legal remedy available. . . ." (Id. at 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

A review of the record reveals that on March 17, 2009, Petitioner was charged with possessing visual images of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count One), and with receiving visual depictions of minors engaging in sexually explicit activity that had been mailed and shipped in interstate commerce, in violation of 18 U.S.C. § 2252(a)(2). (Criminal Case 1:09cr17, Doc. No. 1: Bill of Indictment). According to the Presentence Report ("PSR"), prior to his federal indictment, a search warrant was issued for Petitioner's residence in Henderson, North Carolina. Petitioner was not home during the search, but was later interviewed and admitted that the computer seized from his home was his and that he had previously molested three boys many years before in Anderson, South Carolina. Petitioner was

1

arrested on state charges and transported to the Henderson County Detention Center. Petitioner agreed to cooperate and posted bond. Petitioner subsequently fled resulting in a failure to appear for a probable cause hearing in Henderson County. On June 10, 2008, Petitioner was apprehended in Virginia and remanded the custody of the Henderson County Sheriff's Office. The state charges were ultimately dismissed when Petitioner was federally indicted. On November 18, 2009 a verdict of guilty as to both counts contained in the bill of indictment was entered by the jury. (Criminal Case 1:09cr17, Doc. No. 87: Jury Verdict). Petitioner was sentenced to 240 months on Count One and 292 months on Count Two to run concurrently to Count One for a total of 292 months. (Id., Doc. No. 185: Judgment). Petitioner filed a Notice of Appeal on August 10, 2010.[1] (Id., Doc. No. 182: Notice of Appeal). Petitioner's appeal is currently pending in the Fourth Circuit Court of Appeals.

By way of the instant Motion, Petitioner contends that the actions of the federal and state agents were illegal and violated his rights under both state and federal law and asks that this Court order his immediate release. (Doc. No. 1 at 4).

## II. ANALYSIS

A writ of error coram nobis pursuant to 28 U.S.C. § 1651 may be used "to vacate a conviction after the sentence has been served," but "only under circumstances compelling such action to achieve justice" and "where no other remedy [is] available." United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). The United States Supreme Court has explained that the "All Writs

---

[1] Petitioner also filed Notices of Appeal on June 17 and 24, 2009 as to the Court's ruling on his Motion for a Speedy Trial. (Criminal Case 1:09cr17, Doc. Nos. 24 and 30: Notice of Appeal). On July 15, 2009, the Fourth Circuit issued a notice that a notice of appeal filed before judgment is entered is treated as filed on the date of and after entry of judgment. The notice directed the parties to notify the Fourth Circuit when this Court entered judgment and indicated that the appeal would proceed after the entry of final judgment. (Id., Doc. No. 44).

Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996). The Court went on to note that in light of the "enactment of the Federal Rules of Criminal Procedure, it is difficult to conceive of a situation where [a writ of error coram nobis] would be necessary or appropriate." Id. (quoting United States v. Smith, 331 U.S. 469, 475 n.4 (1947) (brackets in original).

Here, because Petitioner is in custody, a writ of error coram nobis is not the proper vehicle for him to use to challenge his incarceration. See United States v. Smith, 77 F. App'x 180 (4th Cir. 2003) (dismissing petition for writ of error coram nobis after determining that petitioner was in custody). Therefore, to the extent that Petitioner is seeking relief under 28 U.S.C. § 1651, this Court must deny relief due to the fact that Petitioner remains in federal custody and a writ of coram nobis is available only when the petitioner is no longer in custody. Id.

### ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's "Petition for Writ of Habeas Corpus Ad Subjiciendum" pursuant to 28 U.S.C. § 1651 is denied.

**SO ORDERED**.

Signed: July 7, 2011

Graham C. Mullen
United States District Judge